IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NATHAN ROACH and
REBECCA ROACH,

    Plaintiffs,

                                              No. CIV 99-485 MV/RLP

vs.

RYDER INTEGRATED LOGISTICS,
INC., and RICHARD MILTON,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Plaintiffs' Motion to Amend Complaint filed April 18, 2000 **[Doc. No. 60]** and Plaintiffs' Motion in Limine filed April 18, 2000 **[Doc. No. 52]**. After consideration of the moving papers, relevant law and being otherwise fully informed, the Court finds that the motion to amend the complaint is well taken in part and will be **denied in part and granted in part** and that the motion is limine is not sufficiently briefed at this time and will therefore be **denied**. The parties can raise the issue again at the pretrial conference and should be prepared to argue their positions with greater specificity and supporting evidence and case law.

      This case arises out of a collision between an automobile driven by Plaintiff Nathan Roach and a Ryder truck driven by Defendant Richard Milton. Plaintiffs' initial complaint filed in state court and removed to this Court, pled numerous claims against Defendants related to the traffic collision. The parties have stipulated to the dismissal of several of Plaintiffs' claims, leaving claims for negligence and loss of consortium.

**I. Motion to Amend Complaint**

Plaintiffs now seek to amend their complaint to include claims for punitive damages and spoliation of evidence. Federal Rule of Civil Procedure 15(a)[1] allows a party to amend its pleading by leave of court after a responsive pleading is served and provides that "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The decision to grant leave to amend a complaint lies within the sound discretion of the trial court. *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir.1998). "Refusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc." *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir.1993) (citing cases).

Defendants oppose Plaintiffs' amendment as untimely and futile, pointing out that Plaintiffs are seeking to amend their complaint more than one year after the initial complaint was filed, and arguing that the claims Plaintiffs seek to add are legally insufficient and therefore amendment would be futile. As to Plaintiffs' claim for punitive damages, the Court finds compelling Defendants' argument that Plaintiffs' delay in seeking to amend is not justified. Plaintiffs' claim for punitive damages rests on Mr. Milton's alleged statement to Mr. Roach after the accident that he had "picked out a spot on the back of your truck and took you out." Plaintiffs have known about this statement since the accident on November 14, 1997 and offer no explanation regarding why they failed to allege punitive damages in their initial complaint except to say that they meant to do so. This is insufficient to justify adding a claim for punitive damages

---

[1]Though Plaintiffs' cursory brief fails to mention Rule 15, the Court will analyze the motion under this Rule which governs amendments of pleadings.

a year after the original complaint was filed. *See Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir.1994) (holding that untimeliness in itself can be a sufficient reason to deny leave to amend). Accordingly, Plaintiffs will not be permitted to amend their complaint to seek punitive damages under their current claims for negligence and loss of consortium.

The claim for spoliation of evidence presents quite a different situation. Plaintiffs assert that they did not know about this claim until the discovery process. Plaintiffs requested during discovery copies of all pictures Mr. Milton took on November 17, 1997 related to the accident. Defendants produced seven pictures – five of the accident scene and two of the Ryder vehicle taken in Tennessee. During Mr. Milton's deposition, Plaintiffs' counsel, showed Milton the seven pictures received from Defendants. Mr. Milton testified that there were at least six pictures that he had taken of the accident scene in addition to those he was shown. *See Milton Depo.*, at 18. This deposition was taken on December 4, 1999 and by letter of March 3, 2000, Defendants' counsel informed Plaintiffs that they had produced all photographs in their possession, leading counsel to conclude that there was missing evidence. Plaintiffs then filed their motion to amend the complaint on April 18, 2000. The Court does not find that this delay is undue and will not deny Plaintiffs' motion to amend on grounds of untimeliness.

In addition to arguing that Plaintiffs' motion to amend is untimely, Defendants aver that the spoliation of evidence claim should be denied as futile. Defendants are correct that futility of amendment justifies the denial of a motion to amend complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, the Court will consider this argument.

To state a claim for intentional spoliation of evidence, a plaintiff must allege: "(1) the existence of a potential lawsuit; (2) the defendant's knowledge of the potential lawsuit; (3) the

3

destruction, mutilation, or significant alteration of potential evidence; (4) intent on part of the defendant to disrupt or defeat the lawsuit; (5) a causal relationship between the act of spoliation and the inability to prove the lawsuit; and (6) damages." *Coleman v. Eddy Potash, Inc.*, 120 N.M. 645, 649 (1995). Plaintiffs' allegations regarding the spoliation of evidence claim in the amended complaint they seek to file state,

> On or about November 21, 1997, Ryder knew or should have known a claim and a lawsuit was being made by Plaintiff Nathan Roach. Richard Milton turned in his log book to Ryder as well as a portable, disposable camera, having taken at least twelve photographs of the scene of the accident and the damage to the vehicles. Such photographs and log books were all in the custody and control of Ryder and have either been destroyed and/or concealed from Plaintiffs despite numerous requests knowing a claim had been made. Plaintiffs have been damaged by the inability to discover the information contained in the log books and photographs and claim money damages for spoliation of evidence against Ryder. Spoliation of evidence was an intentional act and/or willful, or wanton or reckless, thus giving rise to punitive damages against Ryder.

*First Amended Complaint*, at ¶ 6. The Court finds that these allegations state a claim for spoliation of evidence. Defendants argue that Plaintiffs' allegations fail to meet the first, second, and fifth requirements of spoliation under *Coleman*. However, the Court finds this argument unpersuasive. Plaintiffs allege that Ryder knew or should have known by November 21, 1997 that Plaintiffs were making a claim against Ryder, thus satisfying elements one and two. Further, Plaintiffs' amended complaint alleges damage as a result of the alleged spoliation of evidence, thereby satisfying the fifth element under Coleman. Because the Court finds that Plaintiffs' claim for spoliation of evidence should not be denied for undue delay or futility, and Defendants have failed to make any argument that they would be prejudiced by this amendment, the Court will allow Plaintiffs' to amend their complaint to add a claim for spoliation of evidence. Given that this is a new claim, Plaintiffs may seek punitive damages as to this claim as their amended

4

complaint does.

## II. Motion in Limine

Plaintiffs have filed a motion in limine seeking to exclude any evidence regarding injuries Plaintiff Rebecca Roach sustained in an automobile accident in 1993, asserting that there is no connection between her 1993 injuries and her claim for loss of consortium as a result of her husband's injuries sustained in the 1997 accident underlying this suit. Plaintiffs argue that such evidence is irrelevant, is unduly prejudicial, and would confuse the jury. Defendants counter that there are two bases for admitting evidence of Ms. Roach's injuries from the 1993 accident. First, Defendants assert that if Ms. Roach testifies at trial, as she did in her deposition, denying that she suffered from certain symptoms in 1993, to the extent this is inconsistent with Ms. Roach's statements at the time of the 1993 accident regarding her symptoms, the prior inconsistent statement could be used to attack her credibility. Second, Defendants argue that Ms. Roach's statements are relevant to Defendants' expert's contention that Mr. Roach is magnifying his symptoms or engaging in overt malingering. Defendants, in their brief, assert that their expert, Dr. Chiulli, has done research indicating that a "patient's prior familiarity with the symptoms of traumatic brain injury affects the patient's performance on neuropsychological testing. It reduces the power of the testing. Studies show that knowledge of brain injury symptoms reduces the validity of the tests designed to detect poor effort, symptom magnification, or overt malingering." *Defendants' Response*, at 3. Defendants state that their expert finds that there *may* be a correlation between those symptoms Ms. Roach experienced as a result of her 1993 accident and the symptoms now claimed by Mr. Roach after the 1997 accident. According to Defendants, therefore, if Mr. Roach knew about the symptoms his wife complained of at the time of her 1993

5

accident, that is relevant to the validity of the tests assessing Mr. Roach's condition.

The crux of Plaintiffs' reply is to point out that Defendants' response does not include medical affidavits supporting their contention that Ms. Roach's prior symptoms could have affected Dr. Chiulli's testing of Mr. Roach. Moreover, Defendants attach a copy of Dr. Chiulli's Neuropsychological Evaluation which concludes that Mr. Roach was not suffering the effects of concussive brain damage and that Mr. Roach's pattern on some of the tests "has been associated with poor effort, and by some researchers with malingering." *Chiulli Neuropsychological Evaluation of Nathan Roach*, at 6. Further, Dr. Chiulli found some evidence Mr. Roach may have been overstating his emotional symptoms. *Id.* Plaintiffs assert that because Dr. Chiulli was able to make these conclusions without knowing about Ms. Roach's prior accident injuries, this evidence is not needed. Plaintiffs fail to address or even mention in their reply brief Defendants' argument that the evidence is admissible under Rule 613.[2]

The Court does not have sufficient information to grant Plaintiffs' motion at this time. Accordingly, it will deny Plaintiffs' motion and will allow the parties to argue their positions with greater detail at the pretrial conference. Plaintiffs have failed to argue their position with sufficient specificity. Plaintiffs initially claim that any evidence of Ms. Roach's 1993 injuries are irrelevant, but when Defendants assert their relevancy, Plaintiffs fail to respond to these assertions. Citing Rule 403, Plaintiffs maintain that because Ms. Roach has not made any claims of physical damage to herself in this action, evidence of earlier injuries would be unduly prejudicial. However, Plaintiffs do not explain in what way such evidence would be prejudicial. Moreover, the Court does not have the evidence it requires to conduct the balancing test required

---

[2]This is unfortunately consistent with the notably specious briefs submitted by both parties, almost completely devoid of legal analysis or case law supporting their respective positions.

6

by Rule 403 – balancing the evidence's probative value against the danger of unfair prejudice, confusion of the issues, or misleading the jury. FED. R. EVID. 403.

As explained, Defendants have argued that the evidence of Ms. Roach's symptoms after her 1993 accident are relevant to her husband's neuropsychological evaluation as explained more fully above. However, the Court cannot weigh this potential basis for relevancy on the record currently before it. Defendants have presented no evidence showing that Mr. Roach's symptoms after his 1997 accident were similar to Ms. Roach's symptoms after her 1993 accident or evidence from Defendants' expert witness stating that this similarity of symptoms could have affected Mr. Roach's evaluation. Until the Court has been presented with such evidence it cannot make a ruling regarding whether the evidence is relevant under this theory nor weigh this potential relevance with the danger of unfair prejudice also not adequately explained by Plaintiffs.

Defendants also point to Rule 613 which sets forth the requirements for introducing a prior inconsistent statement made by a witness. A party may introduce extrinsic evidence of a prior inconsistent statement made by a witness if the witness is given a chance to explain her or his prior statement. FED. R. EVID. 613(b). Defendants do not point to a specific piece of extrinsic evidence with which they would seek to impeach Ms. Roach if she were to testify about the symptoms she suffered as a result of the 1993 accident. Moreover, the issue of allowing Defendants to use a prior inconsistent statement to impeach Ms. Roach would only arise if the Court were to allow evidence regarding her 1993 accident. Defendants would then of course have to comply with the foundational requirements of Rule 613(b).

For the foregoing reasons, the Court will deny Plaintiffs' motion at this time because it is unduly vague and the Court does not have the necessary information before it. The parties may

present further evidence and case law supporting their respective positions at the pretrial conference.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Amend Complaint **[Doc. No. 60]** is hereby **denied in part and granted in part**.  Plaintiffs' are hereby granted leave to amend their complaint to add a claim for spoliation of evidence.  Under this claim, Plaintiffs may seek punitive damages.  However, they may not amend their complaint to seek punitive damages under their negligence or loss of consortium claims.  Plaintiffs are hereby ordered to file an amended complaint in conformity with the Court's ruling.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion in Limine **[Doc. No. 52]**  is hereby **denied**.  The parties may raise the admissibility of Ms. Roach's injuries suffered as a result of her 1993 accident at the pretrial conference.

DATED this 24th day of July, 2000.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiffs:            Attorney for Defendants:
James C. Ellis                       J. Duke Thornton
Melchior F. R. Savarese III

8